FILED ____ ENTERED
____ LODGED ____ RECEIVED

JUL 31 2012   LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

1   Jon Cuddeback
    3246 W. Lk Samm Pkwy NE
2   Redmond, WA 98052
    (206) 909-6998
3

4

5   Attorney in Pro Se

6

7

8               UNITED STATES DISTRICT COURT

9           WASHINGTON WESTERN DISTRICT COURT

10  JON CUDDEBACK,                      )  CASE NO.
                                        )
11                         Plaintiff,   )  **C12-1300** MJP
                                        )
12  vs.                                 )
                                        )  COMPLAINT FOR:
13  BEAR STEARNS RESIDENTIAL            )
    MORTGAGE CORPORATION; EMC           )  1. Wrongful Foreclosure
14  MORTGAGE CORPORATION;               )  2. Fraud
    STRUCTURED ASSET MORTGAGE           )  3. Quiet Title
15  INVESTMENT II, INC.; BEAR           )  4. Declaratory Relief
    STEARNS MORTGAGE FUNDING            )  5. Violation of the Real Estate and
16  TRUST 2006-AR5; WELLS FARGO         )  Settlement Procedures Act, 12
    BANK, N.A.; MORTGAGE                )  U.S.C. §2601, et seq. and the Federal
17  ELECTRONIC REGISTRATION             )  Reserve Acts, 24 C.F.R. §3500, et
    SYSTEMS, INC., ("MERS"); AND ALL    )  seq.
18  PERSONS CLAIMING BY, THROUGH        )  6. Violation of TILA, 15 U.S.C.
    OR UNDER SUCH PERSON, ALL           )  §1641(g)
19  PERSONS UNKNOWN, CLAIMING           )
    ANY LEGAL OR EQUITABLE TITLE,       )
20  ESTATE, LIEN OR INTEREST IN THE     )
    PROPERTY DESCRIBED IN THE           )
21  COMPLAINT ADVERSE TO                )
    PLAINTIFFS TITLE THERETO; And       )
22  DOES 1 to 20, Inclusive,            )
                                        )  **12-CV-01300-CMP**
23                         Defendants.  )

24

25  COMES NOW the Plaintiff, JON CUDDEBACK ("Plaintiff"), complaining against

26  the Defendants, and each of them, as follows:

27                        **INTRODUCTION**

28      1.     This is an action brought by Plaintiff for declaratory judgment, injunctive

1 and equitable relief, and for compensatory, special, general and punitive damages.
2 Plaintiff seeks to quiet title as of a date to be determined.

3     2.    Plaintiff, disputes the title and ownership of the real property located at
4 3650 Bel-Red Road - Bellevue, Washington 98008 (the "property"), which is the
5 subject of this action, in that the originating mortgage lender, and others alleged to
6 have ownership, have unlawfully sold, assigned and/or transferred their ownership and
7 security interest in a Promissory Note and Deed of Trust related to the Property, and,
8 thus, do not have lawful ownership or a security interest in Plaintiff's Home which is
9 described in detail herein.

10     3.    Plaintiff alleges that Defendants, and each of them, cannot show proper
11 receipt, possession, transfer, negotiations, assignment and ownership of the
12 borrower's original Promissory Note and Deed of Trust, resulting in imperfect
13 security interests and claims.

14     4.    Plaintiff further alleges that Defendants, and each of them, cannot
15 establish possession and proper transfer and/or endorsement of the Promissory Note
16 and proper assignment of the Deed of Trust herein; therefore, none of the Defendants
17 have perfected any claim of title or security interest in the Property. Defendants, and
18 each of them, do not have the ability to establish that the mortgages that secure the
19 indebtedness, or Note, were legally or properly acquired.

20     5.    Plaintiff alleges that an actual controversy has arisen and now exists
21 between the Plaintiff and Defendants, and each of them. Plaintiff desires a judicial
22 determination and declaration of its rights with regard to the Property and the
23 corresponding Promissory Note and Deed of Trust.

24     6.    Plaintiff also seeks redress from Defendants identified herein below for
25 damages, for other injunctive relief, and for cancellation of written instruments based
26 upon:

27         a.    An invalid and unperfected security interest in Plaintiff's Home
28 hereinafter described;

1    b.    Void "True Sale(s)" violating New York law and express terms of

2 the Pooling and Servicing Agreement ("PSA") governing the securitization of

3 Plaintiff's mortgage, which is a Trust Agreement required to be filed under penalty of

4 perjury with the United States Securities and Exchange Commission ("SEC") and

5 which, along with another document, the Mortgage Loan Purchase Agreement

6 ("MLPA"), is the operative securitization document created by the finance and

7 securitization industry to memorialize securitization transactions (see further

8 discussion of the PSA herein);

9    c.    An incomplete and ineffectual perfection of a security interest in

10 Plaintiff's Home;

11    d.    A void or voidable Deed of Trust due to improper securitization,

12 for which there is a reasonable apprehension that, if left outstanding, will cause a

13 serious injury to Plaintiff's title interests.

14                    **THE PARTIES**

15    7.    Plaintiff is now and at all relevant times to this action, a resident of the

16 County of King, State of Washington.

17    8.    Plaintiff is further informed and believes, and thereon alleges, that BEAR

18 STEARNS RESIDENTIAL MORTGAGE CORPORATION, is the Originator of the

19 loan and/or purported participant in the imperfect securitization of the Note

20 (incorporated by reference herein) and/or Deed of Trust, (incorporated by reference

21 herein), as more particularly described in this Complaint.

22    9.    Plaintiff is further informed and believes and thereon alleges that

23 Defendant EMC MORTGAGE CORPORATION is the present purported Master

24 Servicer of the mortgage herein and/or is a purported participant in the imperfect

25 securitization of the and/or the Deed of Trust, as more particularly described in this

26 Complaint.

27    10.    Plaintiff is informed and believes, and thereon alleges that BEAR

28 STEARNS MORTGAGE FUNDING TRUST 2006-AR5 is a Real Estate Mortgage

1  Investment Conduit ("REMIC") Trust. Plaintiff is further informed and believes that

2  WELLS FARGO BANK, N.A. is the purported Trustee for BEAR STEARNS

3  MORTGAGE FUNDING TRUST 2006-AR5 the REMIC Trust and/or a purported

4  participant in the imperfect securitization of the Note and/or the Deed of Trust as more

5  particularly described in this Complaint.

6      11.    Plaintiff is further informed and believes, and thereon alleges, that

7  Defendant MERS is the purported Beneficiary under the Deed of Trust or mortgage

8  associated with Plaintiff's Note and/or is a purported participant in the imperfect

9  securitization of the Note and/or the Deed of Trust, as more particularly described in

10  this Complaint.

11      12.    At all times relevant to this action, Plaintiff has owned the Property

12  located at 3650 Bel-Red Road - Bellevue, Washington 98008 (the "Property").

13      13.    Plaintiff does not know the true names, capacities, or basis for liability of

14  Defendants sued herein as Does 1 through 20, inclusive, as each fictitiously named

15  Defendant is in some manner liable to Plaintiff, or claims some right, title, or interest

16  in the Property. Plaintiff will amend this Complaint to allege their true names and

17  capacities when ascertained. Plaintiff is informed and believes, and therefore alleges,

18  that at all relevant times mentioned in this Complaint, each of the fictitiously named

19  Defendants are responsible in some manner for the injuries and damages to Plaintiff so

20  alleged and that such injuries and damages were proximately caused by such

21  Defendants, and each of them.

22      14.    Plaintiff is informed and believes, and thereon alleges, that at all times

23  herein mentioned, each of the Defendants were the agents, employees, servants and/or

24  the joint-venturers of the remaining Defendants, and each of them, and in doing the

25  things alleged herein below, were acting within the course and scope of such agency,

26  employment and/or joint venture.

27  **JURISDICTION**

28      15.    The transaction and events which are the subject matter of this Complaint

1    all occurred within the County of King, State of Washington.

2        16.    Plaintiff's property is located at 3650 Bel-Red Road - Bellevue,

3    Washington 98008 (the "property"). The Property is located within the County of

4    King, State of Washington.

5        17.    The court has jurisdiction under 28 U.S.C. §1331 (federal question); 15

6    U.S.C. §1601, et seq (TILA); 15 U.S.C. §1692, Fair Debt Collection Practices Act; 12

7    U.S.C §2601 (RESPA); 28 U.S.C §1367 (Supplemental Jurisdiction) and the Home

8    Ownership and Equity Protection Act ("HOEPA") 12 U.S.C. §1461 et seq.

9        18.    This court also has jurisdiction under all applicable federal jurisdiction

10   involving financial institutions involved in the mortgage fraud area such as the

11   Mortgage Fraud Act under 18 U.S.C §1006 (2007).

12   ## FACTUAL ALLEGATIONS

13       19.    Plaintiff is also informed and believes and thereon alleges that at all

14   times mentioned herein any assignment of the Deed of Trust without proper transfer

15   of the obligation that securitization is a legal nullity.

16       20.    Plaintiff, therefore, alleges, upon information and belief, that none of the

17   parties to neither the securitization transaction, nor any of the Defendants in this case,

18   hold a perfected and secured claim in the Property; and that all Defendants are

19   estopped and precluded from asserting an unsecured claim against Plaintiff's estate.

20       21.    Plaintiff, disputes the title and ownership of the real property in question

21   (the "Property"), which is the subject of this action, in that the originating mortgage

22   lender, BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION sold,

23   assigned and/or transferred its ownership interest in the Promissory Note ("Note")

24   related to the Property to EMC MORTGAGE CORPORATION at or about the time

25   the original Note was executed by Plaintiff. Thereafter, EMC MORTGAGE

26   CORPORATION sold the Note to STRUCTURED ASSET MORTGAGE

27   INVESTMENT II, INC. Finally, the Note was sold to the BEAR STEARNS

28   MORTGAGE FUNDING TRUST 2006-AR5 the "Trust") with WELLS FARGO

1  BANK, N.A. acting as Trustee of the Trust on behalf of the Certificate Holders for

2  that trust.   However, BEAR STEARNS RESIDENTIAL MORTGAGE

3  CORPORATION did not assign the Deed of Trust to EMC MORTGAGE

4  CORPORATION STRUCTURED ASSET MORTGAGE INVESTMENT II, INC. or

5  BEAR STEARNS MORTGAGE FUNDING TRUST 2006-AR5 as part of the sale of

6  the underlying Note. Furthermore, BEAR STEARNS RESIDENTIAL MORTGAGE

7  CORPORATION never assigned the beneficial ownership of the Deed of Trust to any

8  party.   As a result of the transfer and assignment of the Note from BEAR STEARNS

9  RESIDENTIAL MORTGAGE CORPORATION to the other parties listed above, the

10  security interest in Plaintiff's property known as the Deed of Trust and or mortgage

11  was terminated as described in detail herein.

12      22.   Plaintiff alleges that BEAR STEARNS MORTGAGE FUNDING

13  TRUST 2006-AR5 is the last known "owner" of the Promissory Note executed by the

14  Plaintiff based upon the above referenced sale.

15      23.   Despite the sale of the Note to BEAR STEARNS MORTGAGE

16  FUNDING TRUST 2006-AR5, BEAR STEARNS RESIDENTIAL MORTGAGE

17  CORPORATION failed to transfer the physical Note to BEAR STEARNS

18  MORTGAGE FUNDING TRUST 2006-AR5 or to provide said Note to BEAR

19  STEARNS MORTGAGE FUNDING TRUST 2006-AR5 in bearer form. Therefore,

20  Plaintiff alleges that the Defendants, and each of them, cannot show proper receipt,

21  possession, transfer, assignment and/or ownership of the Plaintiff's original

22  Promissory Note and Deed of Trust, resulting in imperfect security interest and claims

23  against Plaintiff's title.

24      24.   Plaintiff further alleges that Defendant BEAR STEARNS

25  RESIDENTIAL MORTGAGE CORPORATION and each of them, cannot establish

26  possession and/or proper transfer and/or endorsement of the Promissory Note and

27  proper assignment of the Deed of Trust herein either to BEAR STEARNS

28  MORTGAGE FUNDING TRUST 2006-AR5 or to any prior owners of the subject

1   Promissory Note in the chain of title; therefore, none of the Defendants have perfected
2   any claim of title or security interest in the property. Defendants and each of them do
3   not have the ability to establish that the Deed of Trust or mortgage that secured the
4   Note were legally or properly acquired by Defendants.

5        25.    Plaintiff further alleges that Defendant BEAR STEARNS MORTGAGE
6   FUNDING TRUST 2006-AR5 may have sold the subject Note to a third party and/or
7   additional parties thereby further distancing the ownership of the subject Note from
8   BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION. Furthermore,
9   the sale of the Note by BEAR STEARNS RESIDENTIAL MORTGAGE
10  CORPORATION to at least two intermediary parties [EMC MORTGAGE
11  CORPORATION and STRUCTURED ASSET MORTGAGE INVESTMENT II,
12  INC.] prior to the sale of same Note to BEAR STEARNS MORTGAGE FUNDING
13  TRUST 2006-AR5 renders the current Deed of Trust/mortgage securing the original
14  loan invalid.

15       26.    Plaintiff further alleges that the Deed of Trust is legally void in that the
16  original beneficiary of that Deed of Trust, the lender on the originating Note, has been
17  paid in full.    In fact, BEAR STEARNS RESIDENTIAL MORTGAGE
18  CORPORATION, originated the underlying loan for Plaintiff's property and
19  immediately sold the loan Note to EMC MORTGAGE CORPORATION. As a result
20  of that sale, the original loan was actually paid off. This payoff of the underlying
21  original Note entered into by and between Plaintiff and BEAR STEARNS
22  RESIDENTIAL MORTGAGE CORPORATION, renders the current Deed of Trust
23  null and void.

24       27.    Plaintiff alleges that an actual controversy has arisen and now exists
25  between Plaintiff and Defendants, and each of them.   Plaintiff desires judicial
26  determination and declaration of its rights with regard to the property and the
27  corresponding Promissory Note and Deed of Trust.

28       28.    Plaintiff seeks redress from Defendants identified herein below for

1    damages, for other injunctive relief, and for cancellation or nullification of the Deeds

2    of Trust and/or liens or mortgages on title based upon:

3           (a)    After originating the loan, BEAR STEARNS RESIDENTIAL

4    MORTGAGE CORPORATION sold Plaintiff's Note to EMC MORTGAGE

5    CORPORATION and does not own the Note originally signed by the Plaintiff;

6           (b)    Thereafter, EMC MORTGAGE CORPORATION sold the Note to

7    STRUCTURED ASSET MORTGAGE INVESTMENT II, INC.

8           (c)    After the sale of the Promissory Note to STRUCTURED ASSET

9    MORTGAGE INVESTMENT II, INC., neither BEAR STEARNS RESIDENTIAL

10   MORTGAGE CORPORATION nor EMC MORTGAGE CORPORATION retained

11   any interest in the subject Note. Therefore, the Deed of Trust/mortgage became

12   invalid;

13          (d)    After the sale of the Note to EMC MORTGAGE

14   CORPORATION, BEAR STEARNS RESIDENTIAL MORTGAGE

15   CORPORATION retained ownership of the Note due to the fact that the Note was

16   never legally transferred to EMC MORTGAGE CORPORATION or to any other

17   legal entity due to the negligent handling of the Note in question.

18          (e)    Neither BEAR STEARNS MORTGAGE FUNDING TRUST

19   2006-AR5 nor any other party to this transaction has legal ownership of the Note due

20   to the fact that BEAR STEARNS MORTGAGE FUNDING TRUST 2006-AR5 never

21   received an endorsed assignment of the Note from BEAR STEARNS RESIDENTIAL

22   MORTGAGE CORPORATION or ever took legal possession of the Note;

23          (f)    Plaintiff further alleges that the original Deed of Trust that secured

24   the Promissory Note listed MERS as the beneficiary.

25          (g)    Plaintiff alleges that when BEAR STEARNS RESIDENTIAL

26   MORTGAGE CORPORATION sold the Note to EMC MORTGAGE

27   CORPORATION the original Note was separated from the Deed of Trust or

28   mortgage. As a result of this separation, neither the Deed of Trust or mortgage no

1  longer secures the original Note.

2  (h)  Plaintiff alleges that MERS does not have the legal right to

3  substitute in a new Trustee for the Deed of Trust or mortgage instrument since only

4  the owner of the Note has that power.  Plaintiff alleges that MERS has never been

5  given any written instructions by the current owners of the Note to substitute out the

6  original Trustee in favor of a substitute Trustee of the Deed of Trust.

7  (i)  Plaintiff alleges that MERS does not have the legal right to transfer

8  the Deed of Trust or mortgage instrument due to the fact that MERS does not own the

9  Note and therefore cannot legally convey title of the Deed of Trust or mortgage

10  instrument to a third party.  In addition, only the Trustee of the Deed of Trust has the

11  power and authority to assign the legal ownership of the Deed of Trust to a third party.

12  MERS has never been appointed the Trustee of the Deed of Trust.

13  29.  Plaintiff alleges that neither EMC MORTGAGE CORPORATION,

14  STRUCTURED ASSET MORTGAGE INVESTMENT II, INC. or any other party has

15  any legal ownership of the Deed of Trust or mortgage instrument based upon the fact

16  that EMC MORTGAGE CORPORATION never assigned the Deed of Trust or

17  mortgage to BEAR STEARNS MORTGAGE FUNDING TRUST 2006-AR5 or in any

18  manner attempted to transfer ownership of the Deed of Trust or mortgage to any party.

19  Therefore, the beneficiary of the Deed of Trust has no legal relationship to either

20  BEAR  STEARNS  RESIDENTIAL  MORTGAGE  CORPORATION,  EMC

21  MORTGAGE  CORPORATION,  STRUCTURED  ASSET  MORTGAGE

22  INVESTMENT II, INC. or BEAR STEARNS MORTGAGE FUNDING TRUST

23  2006-AR5 the alleged current owner of the Note.

24  30.  After  BEAR  STEARNS  RESIDENTIAL  MORTGAGE

25  CORPORATION sold the Note, the Note became separated from the Deed of Trust or

26  mortgage instrument.  Due to the separation of ownership of this Note after sale by

27  BEAR  STEARNS  RESIDENTIAL  MORTGAGE  CORPORATION  to  EMC

28  MORTGAGE CORPORATION, the beneficiary of the Deed of Trust no longer had

1  any legal relationship with the Note. Therefore, neither the original beneficiary of the

2  Deed of Trust nor any purported assignees of the Deed of Trust to any other parties

3  have the legal right to foreclose on the property. Any such foreclosure violates both

4  state and federal law due to the fact that only the owner of the Note can legally

5  foreclose or instruct a third party to foreclose upon a Deed of Trust and/or mortgage.

6      31.    Plaintiff further alleges that the original beneficiary of the Deed of Trust

7  or mortgage instrument, MERS is not legally entitled to transact any business in the

8  State of Washington or any other state since it is no longer a valid legal entity having

9  changed or amended its corporate name to MERSCORP, Inc. on or about May 12,

10  2003. Plaintiff alleges that this amendment requires MERS to transact all business as

11  MERSCORP after 2004. Any and all legal actions taken by MERS after 2004 are

12  legally void. The State of Washington states that MERS is no longer registered to do

13  business in this state. Therefore, it cannot assign legal interests or in any way

14  participate in the foreclosure of any properties.

15      32.    Plaintiff is informed and believes, and thereon alleges, that this loan was

16  securitized, with the Note not being properly transferred to Defendant, WELLS

17  FARGO BANK, N.A. acting as the Trustee for the Securitized Trust. As set forth

18  herein above, the Securitized Trust was formed by execution of a "Pooling and

19  Serving Agreement" (PSA).

20      33.    Plaintiff is informed and believes, and thereon alleges, that the purchase

21  mortgage on the Property, the debt or obligation evidenced by the Note and the Deed

22  of Trust executed by Plaintiff in favor of the original lender and other Defendants,

23  regarding the Property, was not properly assigned and transferred to Defendants

24  operating the pooled mortgage funds or trusts in accordance with the PSA of the

25  entities making and receiving the purported assignments to this trust.

26      34.    Plaintiff alleges that the PSA requires that each Note or Deed of Trust

27  had to be endorsed and assigned, respectively, to the trust and executed by multiple

28  intervening parties before it reached the Trust. Here, neither the Note nor the Deed of

1  Trust was assigned to the Securitized Trust by the closing date. Therefore, under the
2  PSA, any assignments of the Deed of Trust beyond the specified closing date for the
3  Trust are void.

4      35.    Plaintiff further alleges that even if the Deed of Trust had been
5  transferred into the Trust by the closing date, the transaction is still void as the Note
6  would not have been transferred according to the requirements of the PSA, since the
7  PSA requires a complete and unbroken chain of transfers and assignments to and from
8  each intervening party. Documents filed with the SEC by the securitization
9  participants allegedly claim that the Note and Deed of Trust at issue in this case were
10  sold, transferred and securitized by Defendants, with other loans and mortgages with
11  an aggregate principal balance in excess of $100,000,000 into BEAR STEARNS
12  MORTGAGE FUNDING TRUST 2006-AR5 which is a Common Law Trust formed
13  pursuant to New York law. A copy of the Prospectus Supplement can be found at the
14  site indicated below.

15      36.    Plaintiff is informed and believes, and thereon alleges, that BEAR
16  STEARNS MORTGAGE FUNDING TRUST 2006-AR5 had no officers or directors
17  and no continuing duties other than to hold assets and to issue the series of certificates
18  of investment as described in the Prospectus identified herein below. A detailed
19  description of the mortgage loans which form BEAR STEARNS MORTGAGE
20  FUNDING TRUST 2006-AR5 is included in Form 424B5 ("the Prospectus"), which
21  has been duly filed with the SEC and which can be accessed through the below
22  mentioned footnote.1

23      37.    Plaintiff also alleges that the Note was secured by the Deed of Trust or
24  mortgage. Plaintiff alleges that as of the date of the filing of this Complaint, neither
25  the Deed of Trust or mortgage had not been legally assigned to any other party or
26  entity.

27      38.    Plaintiff is informed and believes, that Defendant WELLS FARGO

28

---

1  http://www.sec.gov/Archives/edgar/data/815018/000116231807000567/m0565424b5.htm

BANK, N.A., alleges that it is the "holder and owner" of the Note and the beneficiary of the Deed of Trust. However, the Note and Deed of Trust identify the mortgagee and note holder as the original lending institution or Mortgage Originator. Documents registered with the Securities and Exchange Commission (SEC) state that the original lender allegedly sold the mortgage loan to EMC MORTGAGE CORPORATION which sold the note to STRUCTURED ASSET MORTGAGE INVESTMENT II, INC. Finally, BEAR STEARNS MORTGAGE FUNDING TRUST 2006-AR5, the securitized REMIC Trust purchased the Note.

39.    Plaintiff further alleges that no documents or records can be produced that demonstrate that prior to the closing date for the purchase of the Note by BEAR STEARNS MORTGAGE FUNDING TRUST 2006-AR5, the Note was duly endorsed, transferred and delivered to BEAR STEARNS MORTGAGE FUNDING TRUST 2006-AR5, including all intervening transfers. Nor can any documents or records be produced that demonstrate that prior to the closing date, the Deed of Trust was duly assigned, transferred and delivered to BEAR STEARNS MORTGAGE FUNDING TRUST 2006-AR5, including all intervening assignments.

40.    Plaintiff further alleges that any documents that purport to transfer any interest in the Note to BEAR STEARNS MORTGAGE FUNDING TRUST 2006-AR5 after the Trust closing date are void as a matter of law, pursuant to New York trust law and relevant portions of the PSA.

41.    The link to the SEC and the various documents filed with the SEC regarding the Note are: SEC Website:  http://www.sec.gov.

42.    Plaintiff is further informed and believes, and thereon alleges, that the purported assignments and transfers of Plaintiff's debt or obligation did not comply with New York law, and/or other laws and statutes, and, thus, do not constitute valid and enforceable "True Sales." Any security interest in the Property was, thus, never perfected. The alleged holder of the Note is not the beneficiary of the Deed of Trust. The alleged beneficiary of Plaintiff's Deed of Trust does not have the requisite title,

1   perfected security interest or standing to proceed; and/or is not the real party in
2   interest with regard to any action taken or to be taken against the Property.

3        43.    Plaintiff is also informed and believes, and thereon alleges, that at all
4   times herein mentioned, and any assignment of a Deed of Trust without proper
5   transfer of the obligation that it secures is a legal nullity.

6        44.    As set forth hereinabove, Defendants, and each of them, violated the
7   express terms of the PSA which is a Trust Agreement and which, along with another
8   document, the Mortgage Loan Purchase Agreement, is the operative securitization
9   document created by the finance and securitization industry to memorialize a
10  particular securitization transaction. The PSA specifies the rights and obligations of
11  each party to the securitization transaction to each other, and is a public document on
12  file with the SEC. More specifically, the PSA requires strict compliance with its
13  procedures and timelines in order for the parties to achieve their specific objectives.

14       45.    Securitization is the process whereby mortgage loans are turned into
15  securities, or bonds, and sold to investors by Wall Street and other firms. The purpose
16  is to provide a large supply of money to lenders for originating loans, and to provide
17  investments to bond holders which were expected to be relatively safe. The procedure
18  for selling of the loans was to create a situation whereby certain tax laws known as the
19  Real Estate Mortgage Investment Conduit (hereinafter "REMIC") Act were observed,
20  and whereby the Issuing Entities and the Lenders would be protected from either
21  entity going into bankruptcy.   In order to achieve the desired "bankruptcy
22  remoteness," two "True Sales" of the loans had to occur, in which loans were sold and
23  transferred to the different parties to the securitization.

24       46.    A "True Sale" of the loan would be a circumstance whereby one party
25  owned the Note and then sold it to another party. An offer would be made, accepted
26  and compensation given to the "seller" in return for the Note. The Notes would be
27  transferred, and the Deeds of Trust assigned to the buyers of the Note, with an
28  Assignment made every step of the way, and, furthermore, each Note would be

1  endorsed to the next party by the previous assignee of record.

2      47.    In order for the Trustee of the Securitized Trust to have a valid and

3  enforceable secured claim against Plaintiff's Home, the Trustee must prove and certify

4  to all parties that, among other things required under the PSA:

5          a.    There was a complete and unbroken chain of endorsements and

6  transfers of the Note from and to each party to the securitization transaction (which

7  should be from the (A) Mortgage Originator to the (B) Sponsor to the (C) Depositor to

8  the (D) Trust, and that all of these endorsements and transfers were completed prior to

9  the Trust closing dates (see discussion below); and

10          b.    The Trustee of the Securitized Trust had actual physical possession

11  of the Note at that point in time, when all endorsements and assignments had been

12  completed.  Absent such proof, Plaintiff alleges that the Trust cannot demonstrate that

13  it had perfected its security interest in Plaintiff's Home that is the subject of this

14  action.  Therefore, if the Defendants, and each of them, did not hold and possess the

15  Note on or before the closing date of the Trust herein, they are estopped and precluded

16  from asserting any secured or unsecured claim in this case.

17      48.    Plaintiff is informed and believes, and thereon alleges, that pursuant to the

18  terms of the PSA, the Mortgage Originator (i.e., the original lender herein) agreed to

19  transfer and endorse to the Trustee for the Securitized Trust, without recourse,

20  including all intervening transfers and assignments, all of its right, title and interest in

21  and to the mortgage loan (Note) of Plaintiff herein and all other mortgage loans

22  identified in the PSA.

23      49.    Plaintiff is further informed and believes, and thereon alleges, that the

24  PSA provides that the transfers and assignments are absolute, were made for valuable

25  consideration, to wit, in exchange for the certificates described in the PSA, and were

26  intended by the parties to be a bona fide or "True Sale."  Since, as alleged herein

27  below, True Sales did not actually occur, Plaintiff alleges that the Defendant Trustees

28  are estopped and precluded from asserting any secured or unsecured claim in this case.

50.     Plaintiff is further informed and believes, and thereon alleges, that as a result of the PSA and other documents signed under oath in relation thereto, the Mortgage Originator, BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION, the "Sponsor" EMC MORTGAGE CORPORATION and the "Depositor" STRUCTURED ASSET MORTGAGE INVESTMENT II, INC. are estopped from claiming any interest in the Note that is allegedly secured by the Deed of Trust on Plaintiff's Home herein.

51.     Plaintiff is informed and believes, and thereon alleges, that pursuant to the terms of the PSA, the Mortgage Originator (i.e., the original lender herein) agreed to transfer and endorse to the Trustee for the Securitized Trust, without recourse, including all intervening transfers and assignments, all of its right, title and interest in and to the mortgage loan (Note) of Plaintiff herein and all other mortgage loans identified in the PSA.

52.     Plaintiff is informed and believes, and thereon alleges, that the Note in this case and the other mortgage loans identified in the PSA, were never actually transferred and delivered by the Mortgage Originator to the Sponsor or to the Depositor nor from the Depositor to the Trustee for the Securitized Trust.  Plaintiff further alleges, on information and belief, that the PSA herein provides that the Mortgage Files of the Mortgages were to be delivered to BEAR STEARNS MORTGAGE FUNDING TRUST 2006-AR5, which Mortgage Files include the original Deeds of Trust, herein.

53.     Based upon the foregoing, Plaintiff is further informed and believes, and thereon alleges, that the following deficiencies exist, in the "True Sale" and securitization process as to this Deed of Trust which renders invalid any security interest in the Plaintiff's mortgage, including, but not limited to:

a.      The splitting or separation of title, ownership and interest in Plaintiff's Note and Deed of Trust of which the original lender is the holder, owner and beneficiary of Plaintiff's Deed of Trust;

b.      When the loan was sold to each intervening entity, there were no Assignments of the Deed of Trust to or from any intervening entity at the time of the sale. Therefore, "True Sales" could not and did not occur;

c.      The failure to assign and transfer the beneficial interest in Plaintiff's Deed of Trust to WELLS FARGO BANK, N.A., in accordance with the PSA of the Defendants, as Securitization Participants;

d.      The failure to endorse, assign and transfer Plaintiff's Note and/or mortgage to Defendant WELLS FARGO BANK, N.A., as Trustee for BEAR STEARNS MORTGAGE FUNDING TRUST 2006-AR5, in accordance with the PSA;

e.      No Assignments of Beneficiary or Endorsements of the Note to each of the intervening entities in the transaction ever occurred, which is conclusive proof that no true sales occurred as required under the PSA filed with the SEC; and

f.      Defendants, and each of them, violated the pertinent terms of the PSA.

54.     Plaintiff, therefore, alleges, upon information and belief, that none of the parties to neither the securitization transaction, nor any of the Defendants in this case, hold a perfected and secured claim in the Property; and that all Defendants are estopped and precluded from asserting an unsecured claim against Plaintiff's estate.

## FIRST CAUSE OF ACTION

## WRONGFUL FORECLOSURE

## (AGAINST ALL DEFENDANTS)

55.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

56.     An actual controversy has arisen and now exists between Plaintiff and Defendants specified hereinabove, regarding their respective rights and duties, in that Plaintiff contends that Defendants, and each of them, do not have the right to foreclose on the Property because none of the Defendants and each of them, do not

own the Note of have any legal relationship to the Note despite the fact that BEAR STEARNS MORTGAGE FUNDING TRUST 2006-AR5 purchased the Note from the Depositor, STRUCTURED ASSET MORTGAGE INVESTMENT II, INC. Thus, the purported power of sale as specified by the Deed of Trust and/or Mortgage in the underlying case no longer applies. Without the ownership of the Note, the beneficiary of the Deed of Trust or Mortgage cannot foreclose. Plaintiff further contends that the above specified Defendants, and each of them, do not have the right to foreclose on the Property because said Defendants, and each of them, do not own the Note executed by Plaintiff originally.

57.     Plaintiff is informed and believes and there upon alleges that the only individual entity which may have standing to foreclose is BEAR STEARNS MORTGAGE FUNDING TRUST 2006-AR5.  Based upon the general business plan operation of BEAR STEARNS MORTGAGE FUNDING TRUST 2006-AR5, all Notes were packaged and sold to Real Estate Mortgage Investment Conduit ("REMIC") Trusts such BEAR STEARNS MORTGAGE FUNDING TRUST 2006-AR5.  Each REMIC Trust purchased insurance to cover the risk of default.  Plaintiff alleges that the Note in question was paid off upon Plaintiff's default in payments as defined by the PSA, BEAR STEARNS MORTGAGE FUNDING TRUST 2006-AR5 applied for payment through EMC MORTGAGE CORPORATION insurance carrier and received payment for the entire past due principal and interest due on Plaintiff's Note.  Furthermore, the originator of the loan, BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION as well as BEAR STEARNS MORTGAGE FUNDING TRUST 2006-AR5 are no longer in existence or doing business.  In fact, Plaintiff alleges that all parties who have participated in the origination of or sale and purchase of the Note have ceased business operations or have filed for bankruptcy protection.  Plaintiff further alleges that BEAR STEARNS MORTGAGE FUNDING TRUST 2006-AR5 ceased doing business when its existence was terminated by the sale or payoff of all loans it purchased through the securitization process.

58.   Plaintiff request that this Court find that the purported power of sale contained in the Note and Deed of Trust has no force and effect at this time, because Defendants' have no legal right to foreclose under federal or state law.   In addition, the Deed of Trust no longer has any validity and cannot be used for foreclosure after BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION sold the loan to EMC MORTGAGE CORPORATION.   Once the original loan was paid in full the Deed of Trust became legally invalid.   Similarly, when default insurance provided by EMC MORTGAGE CORPORATION paid BEAR STEARNS MORTGAGE FUNDING TRUST 2006-AR5 the entire balance of principal and interest owed by Plaintiff, the entire loan obligation disappeared.   No party to this action can enforce a Note that has been paid off by default insurance as alleged in this complaint.

59.   Since the creation of Plaintiff's Note herein and Deed of Trust, Defendant MERS was named the "beneficiary" of the Deed of Trust.

60.   Plaintiff is informed and believes, and thereon alleges, that Defendant MERS lacks the authority under its corporate charter to foreclose a mortgage, or to own or transfer an interest in a securitized mortgage because MERS charter limits MERS powers and duties to function as an electronic registration system of certain types of securities.

61.   Plaintiff is informed and believes, and thereon alleges, that in order to conduct a foreclosure action, a person or entity must have standing.   Pursuant to the Deed of Trust only the lender has the power to exercise the power of sale.   No other party has standing to foreclose upon Plaintiff's Note.

62.   Plaintiff is informed and believes, and thereon alleges, that pursuant to state law, to perfect the transfer of mortgage paper as collateral, the owner should physically deliver the note to the transferee.   Without physical transfer, the sale of the note is invalid as a fraudulent conveyance or as unperfected.

63.   The Note in this action identifies the entity to whom it was payable, the original lender BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION.

1   That lender was paid in full by EMC MORTGAGE CORPORATION when that
2   entity bought the Note from BEAR STEARNS RESIDENTIAL MORTGAGE
3   CORPORATION.   Therefore, the Note was originally paid in full by EMC
4   MORTGAGE CORPORATION and later by EMC MORTGAGE CORPORATION
5   insurance carrier after BEAR STEARNS MORTGAGE FUNDING TRUST 2006-
6   AR5 made an application under its insurance policy for full payment of principal and
7   interest of Plaintiff's loan after Plaintiff defaulted on his mortgage obligations. After
8   BEAR STEARNS MORTGAGE FUNDING TRUST 2006-AR5 was paid the entire
9   balance of the Note by EMC MORTGAGE CORPORATION the Note had been paid
10  in full and no obligation is currently owed by Plaintiff.

11      64.   Defendants, and each of them, cannot produce any evidence that the
12  Promissory Note has been transferred to any party.   Furthermore, Defendants and
13  each of them cannot produce any evidence that they have any legal contractual rights
14  to the current Note holder, BEAR STEARNS MORTGAGE FUNDING TRUST
15  2006-AR5. Therefore, Defendant, MERS can only transfer whatever interest it had in
16  the Deed of Trust.   MERS is not the lender and MERS is not the owner of the
17  underlying security. MERS is merely been set up as a conduit to assist in the transfer
18  of ownership of the Deed of Trust to subsequent purchasers of the Note.   Currently,
19  MERS has no contractual relationship to the owner of the Note.  The Promissory Note
20  and Deed of Trust are inseparable: an assignment of the Note to EMC MORTGAGE
21  CORPORATION and any other later assignment to other parties including BEAR
22  STEARNS MORTGAGE FUNDING TRUST 2006-AR5 through the sale from
23  BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION invalidates any
24  transactions taken by MERS as a beneficiary of the Deed of Trust due to the fact that
25  MERS has never received any instruction from BEAR STEARNS MORTGAGE
26  FUNDING TRUST 2006-AR5 to foreclose upon the Note.  In addition, neither has
27  ever entered into any contractual relationship with MERS which has authorized
28  MERS to perform any legal act.

65.    Defendant MERS has failed to submit documents authorizing MERS as nominee for the original lender, to assign the subject mortgage to any party. Hence, MERS lacks authority as a mere nominee to assign Plaintiff's mortgage, making the assignment of the Deed of Trust to any party null and void. Furthermore, MERS has never recorded with the local County Recorder's Office any notice of any alleged and defective assignment of any interest in the Deed of Trust or mortgage to any third parties in violation of state and federal law.

66.    In the instant action, BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION as the nominee not only lacks authority to assign the mortgage, but cannot demonstrate that BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION or BEAR STEARNS MORTGAGE FUNDING TRUST 2006-AR5 had knowledge of or consented to the assignment by MERS of the Deed of Trust. In fact, the Deed of Trust states that only the Lender beneficiary can foreclose. In every case involving MERS, MERS is not the beneficiary of the loan or the owner of the Note. Therefore, MERS cannot participate or assign to any third party the ability to foreclose based upon the Deed of Trust or Mortgage.

67.    The attempt by MERS to transfer the beneficial interest of a trust deed without actual ownership of the underlying Note, is void under law. Therefore, Defendant, MERS cannot establish that it is entitled to foreclose or assign the foreclosure practice to any third party. For this reason, as well as the other reasons set forth herein below, MERS cannot transfer an interest in real property, and could not foreclose upon Plaintiff's property. Furthermore, no entity or company assigned by MERS has the rights under the Deed of Trust to foreclose since MERS has no power to properly assign the Deed of Trust or Mortgage without ownership of the Note.

68.    Defendants, and each of them, through the actions alleged above, have illegally commenced foreclosure under the Note on the Property via a foreclosure action supported by false or fraudulent documents in violation of the Washington Penal Code. Neither MERS nor any Trustee appointed by MERS has the legal right to

foreclose since none own the Note or had any legal relationship with BEAR STEARNS MORTGAGE FUNDING TRUST 2006-AR5, the last owner of the Note—since paid off by insurance.

69.    The wrongful conduct of the above specified Defendants, and each of them, unless restrained and joined by an Order of this Court, will continue to cause great and irreparable harm to Plaintiff.  The Plaintiff will not have the beneficial use and enjoyment their Home and will lose the Property.

70.    Plaintiff has no other plain, speedy or adequate remedy and the injunctive relief prayed for below is necessary and appropriate at this time to prevent irreparable loss to Plaintiff. Plaintiff has suffered and will continue to suffer in the future unless Defendants' wrongful conduct is restrained and enjoined because real property is inherently unique and it will be impossible for Plaintiff to determine the precise amount of damage it will suffer.

## SECOND CAUSE OF ACTION

### FRAUD

### (Against All Defendants and Does 1-20)

71.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

72.    Defendants,    specifically    Defendant    EMC    MORTGAGE CORPORATION, WELLS FARGO BANK, N.A., and others intentionally misrepresented to Plaintiff that it was entitled to receive mortgage payments from Plaintiff based upon mortgage statements sent to Plaintiff by EMC MORTGAGE CORPORATION.  In fact, Defendants were not entitled to receive mortgage payments as EMC MORTGAGE CORPORATION did not have equitable, or actual beneficial interest in the Note or the property.    In addition, EMC MORTGAGE CORPORATION did not have a contractual right to receive those payments under any contractual rights received from BEAR STEARNS MORTGAGE FUNDING TRUST 2006-AR5. All Defendants knew that the Note in question had been paid off in full as

1  a result of the application for mortgage default insurance by BEAR STEARNS

2  MORTGAGE FUNDING TRUST 2006-AR5.

3      73.    All Defendants misrepresented that they are the "holder and owner" of

4  the Note and/or the beneficiary of the Deed of Trust.  However, this was not true and

5  was a misrepresentation of material fact.  Defendants were attempting to collect on a

6  debt to which they have no legal, equitable or pecuniary interest in.  This type of

7  conduct is outrageous.  Defendants are fraudulently foreclosing on a property which

8  they have no monetary or pecuniary interest.  No party is entitled to receive mortgage

9  payments from the Plaintiff since the original Note has been paid off at least twice:

10  Once by EMC MORTGAGE CORPORATION when it purchased the Note and then

11  again when the Note was paid off by default insurance taken out by BEAR STEARNS

12  MORTGAGE FUNDING TRUST 2006-AR5.

13      74.    Defendants' failure to disclose the material terms of the transaction

14  between BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION and

15  EMC MORTGAGE CORPORATION, STRUCTURED ASSET MORTGAGE

16  INVESTMENT II, INC., and BEAR STEARNS MORTGAGE FUNDING TRUST

17  2006-AR5 and DOE 1 whereby BEAR STEARNS MORTGAGE FUNDING TRUST

18  2006-AR5 bought the Note is a violation of RESPA as well as other federal laws

19  instituted to protect homeowners and provide them with notice of the sale of their

20  loans.    In fact, EMC MORTGAGE CORPORATION has collected more than

21  $50,000.00 in mortgage payments from the Plaintiff despite the fact that the Note in

22  question is owned by BEAR STEARNS MORTGAGE FUNDING TRUST 2006-

23  AR5. Neither EMC MORTGAGE CORPORATION, WELLS FARGO BANK, N.A.,

24  nor any other party can show that the underlying Note has been assigned to either

25  entity.

26      75.    The material misrepresentations were made by the Defendants with the

27  intent to cause Plaintiff to reasonably rely on the misrepresentation in order to induce

28  the Plaintiff to rely on the misrepresentations and pay mortgage payments to EMC

1 | MORTGAGE CORPORATION as well as to other parties.

2 |     76.    Defendants were aware of the misrepresentations and profited from them.

3 |     77.    As a direct and proximate result of the misrepresentations and

4 | concealment Plaintiff was damaged in an amount to be proven at time of trial.

5 |     78.    Defendants are guilty of malice, fraud and/or oppression. Defendants'

6 | actions in taking mortgage payments not due to them were malicious and done

7 | willfully in conscious disregard of the rights and safety of Plaintiff in that the actions

8 | were calculated to injure Plaintiff. As such Plaintiff is entitled to recover, in addition

9 | to actual damages, punitive damages to punish Defendants and to deter them from

10 | engaging in future misconduct.

11 | ### THIRD CAUSE OF ACTION:

12 | ### QUIET TITLE

13 | **(As to All Defendants and All Persons Claiming by, through or Under Such**

14 | **Person, All Persons Unknown Claiming Any Legal or Equitable Right,**

15 | **Title, Estate, Lien or Interest in the Property described in the Complaint**

16 | **Adverse to Plaintiff's Title Thereto and DOES 1 through 20)**

17 |     79.    Plaintiff re-alleges and incorporates by reference all preceding

18 | paragraphs as though fully set forth herein.

19 |     80.    Plaintiff is the owner of the real property located at 3650 Bel-Red Road -

20 | Bellevue, Washington 98008.

21 |     81.    The basis of Plaintiff's title is a deed granting the above-described

22 | property in fee simple to the Plaintiff as of the date of purchase of the property.

23 |     82.    Plaintiff is informed and believes and on such information and belief

24 | alleges that the Defendants and each of them, and all persons claiming by, through or

25 | under such person, all persons unknown, claiming any legal or equitable title, estate,

26 | lien or interest in the property described in the Complaint adverse to Plaintiff's title

27 | thereto claim an interest adverse to Plaintiff in the above-described property as

28 | adverse interest of the holders of the deed of trust against the subject property. The

deed of trust that has been recorded against the title to the subject property was recorded in the official records of the County of King, State of Washington. Similarly the Defendants including MERS and other unknown Defendants, specifically those additionally designated as DOES 1 through 20, inclusive, claim interest in the property adverse to Plaintiff as assignees and successors of Defendants.

83. Plaintiff is seeking to quiet title against the claims of all Defendants including the claims of all possessors of the Note, the possessors of beneficial title and interest of the Deed of Trust recorded against title to the property, the claims of all unknown Defendants whether or not the claim or cloud upon title is known to Plaintiff and the unknown, uncertain, or contingent claim, if any, of any Defendants named herein or otherwise unknown. The claims of Defendants are without any right whatsoever and such Defendants have no right to title, estate, lien, or interest whatsoever in the above-described property or any part thereof.

84. Plaintiff seeks to quiet title as of a date to be determined by this honorable court.

85. Plaintiff is entitled to equitable relief and quiet title by a judicial decree and order declaring Plaintiff to be the title owner of record of the property as to effective date of said cancellation of any Deed of Trust or mortgage recorded against title and quieting Plaintiff's title therein and thereto subject only to such legitimate liens and encumbrances as the court may deem void, and avoiding any liens or encumbrances upon the property created by the Defendants or by their putative predecessors or by any of them. Plaintiff's Note has been paid off. All of Plaintiff's Note obligations have been satisfied.

## FOURTH CAUSE OF ACTION

## DECLARATORY RELIEF

### (Against All Defendants)

86. Plaintiff is informed and believes and upon that basis alleges that Defendants dispute Plaintiff's contentions and instead contend the foreclosure sale or

1  attempt to foreclose upon the property was valid or legal.

2      87.    An actual controversy has arisen and now exists between Plaintiff and
3  Defendants concerning their respective rights and duties regarding the Note and Trust
4  Deed.

5      88.    Plaintiff contends that pursuant to the transactions between BEAR
6  STEARNS RESIDENTIAL MORTGAGE CORPORATION, EMC MORTGAGE
7  CORPORATION, STRUCTURED ASSET MORTGAGE INVESTMENT II, INC.,
8  and BEAR STEARNS MORTGAGE FUNDING TRUST 2006-AR5 do not have
9  authority to foreclose upon and sell the subject Property.

10      89.    Plaintiff therefore requests a judicial determination of the rights,
11  obligations and interest of the parties with regard to the Property, and such
12  determination is necessary and appropriate at this time under the circumstances so that
13  all parties may ascertain and know their rights, obligations and interests with regard to
14  the Property.

15      90.    Plaintiff requests a determination of the validity of the Trust Deeds
16  utilized to foreclose as well as a judicial determination of whether any Defendant had
17  the legal right to foreclose based upon the Deed of Trust or Mortgage.

18      91.    Plaintiff requests a determination of the validity of the Notice of Default.

19      92.    Plaintiff requests a determination of whether any Defendant had
20  authority to foreclose on the Property.

21      93.    Plaintiff requests a determination of whether a foreclosure sale was valid
22  and whether the title to the property should be returned to Plaintiff free of
23  encumbrance or lien of any Defendant or any other lender claiming ownership of the
24  Note.

25  ////

26  ////

27  ////

28  ////

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE REAL ESTATE AND SETTLEMENT PROCEDURES ACT, 12 U.S.C. §2601, ET SEQ. AND THE FEDERAL RESERVE ACTS, 24 C.F.R. §3500, ET SEQ.

### (Against All Defendants)

94.     Plaintiff re-alleges and incorporates by this reference all the allegations for the preceding paragraphs of this complaint as though fully set forth herein.

95.     The loans to Plaintiff by Defendants, BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION are federally regulated mortgage loans defined in the Real Estate Settlement Procedures Act ("RESPA") and implemented by regulation acts which are broad in terms of the requirements.

96.     Defendants have violated the Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. §2607(a) which provides: that "no person shall give and no person shall accept any fee, kickback or thing of value pursuant to any agreement or understanding, oral or otherwise that business incident to or a part of a real estate settlement service involving a federal related mortgage loan shall be referred to any person."

97.     Defendants also violated §8(a) of RESPA, 12 U.S.C. §2607(b) which provides that "no person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." Section 8 violations are further defined by 24 C.F.R. §3500.14, "prohibition against kickbacks and unearned fees."

98.     Also, HUD addressed payments in the form of Yield Spread Premiums ("YSP") and explained that "in some cases less scrupulous brokers and lenders take advantage of the complexity of the settlement transaction and use YSP as a way to enhance the probability of mortgage transactions without offering the borrower lower upfront fees." Id. at 53, 54.

99.    Defendant    BEAR    STEARNS    RESIDENTIAL    MORTGAGE CORPORATION paid to the brokers and/or lenders a YSP on Plaintiff's loans and no Defendant offered Plaintiff lower upfront fees for this YSP payment.  To the contrary, Defendants implemented their fraud scheme against Plaintiff and placed Plaintiff into a more expensive loan then Plaintiff was in prior to meeting the Defendants or should have been placed into based upon the Plaintiff's credit score and income.

100.    Moreover, HUD established a two part test for determining the legality of lender payments to mortgage brokers under RESPA: "(A) whether goods or facilities were actually furnished or the services were actually performed for the compensation paid, and (B) whether the payments are reasonably related to the value of the goods or facilities that were actually furnished or services that were actually performed." HUD, statement of policy 2001-1, 66 Fed. Reg. at 53, 052.

101.    In the case at bar, the Defendants, and each of them, engaged in goods/services that were not actually performed and where the payments were not actually related to the value of the goods/services because Defendants chose to implement their scheme as alleged above.

102.    Defendants' acceptance of a YSP and/or other payments and Defendants BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION payment of that YSP or other payments was an unlawful kickback, unlawful fee splitting and/or an unearned fee under RESPA because it was not reasonably related to the performance of lawful services by the accepting Defendants.   Instead of performing lawful services, the accepting Defendants implemented their fraud scheme as alleged above.

103.    Defendant    BEAR    STEARNS    RESIDENTIAL    MORTGAGE CORPORATION should have known that the Defendants (14) did not earn the YSP or other payments because, interalia, ".… common industry practice is that lenders follow underwriting standards that demand a review of originations and therefore lenders typically know that brokers have performed the services required.…" HUD's 2001-1 Policy Statement at 53055.  If Defendant BEAR STEARNS RESIDENTIAL

1  MORTGAGE CORPORATION had reviewed Plaintiff's loan originations, including

2  their loan applications, BEAR STEARNS RESIDENTIAL MORTGAGE

3  CORPORATION would have learned of the obvious red flags said applications

4  contained.

5      104.  Pursuant to 12 U.S.C. §2607(d), Plaintiff is entitled to recover from

6  Defendants and each of them in an amount equal to three times the amount of any and

7  all charges for "settlement services" paid directly or indirectly by Plaintiff as well as

8  actual damages, court costs, attorney fees and other amounts or damages permissible

9  under RESPA.

10      105.  By the actions described herein and as a proximate cause of Defendants

11  conduct, Plaintiffs have been damaged in an amount to be proven at trial but not yet

12  ascertained.

13      106.  Under 12 U.S.C. §2607(d), Plaintiff asks for triple damages because

14  Defendants knew or should have known their conduct was directed to Plaintiff and the

15  Defendants knew or should have known that their conduct would likely cause

16  Plaintiff injury.

17      107.  Wherefore, Plaintiff prays for relief as set forth below.

18  ## SIXTH CAUSE OF ACTION

19  ## VIOLATION OF TILA, 15 U.S.C. §1641(g)

20  ### (Against All Defendants)

21      108.  Plaintiff re-alleges and incorporates by this reference all the allegations

22  for the preceding paragraphs of this complaint as though fully set forth herein.

23      109.  Under 15 U.S.C. §1641(g) "liability of assignees" federal law requires

24  that when an entity purchases or is assigned the beneficial interests in a loan on a

25  property it must notify the borrower in writing within thirty (30) days of when the

26  loan is transferred.  (15 U.S.C. §1641(g))  Subsection (g) lists the particular

27  information that the assignee noticed must contain.

28      110.  15 U.S.C. §1540 authorizes a civil action for violations of §1641 for (a)

1  actual damages, or (b) statutory damages that include (i) damages equal to twice the

2  amount of any finance charge or (ii) for a credit transaction secured by real property

3  in an amount not less than $400.00 and not greater than $4,000.00.  (15 U.S.C.

4  §1640(a))

5       111.   Plaintiff alleges that based upon all of the purchases and assignments of

6  the original promissory note as stated in this complaint that the Defendants and each

7  of them have failed to properly notify Plaintiff of each respective transfer of

8  ownership of the original promissory note.  As a result, and based upon the failure of

9  the Defendants and each of them to notify the Plaintiff of each subsequent sale of the

10 subject promissory note related to Plaintiff's mortgage/deed of trust, that Plaintiff has

11 been damaged in an amount that will be determined at time of trial.

12      112.   Plaintiff alleges that each assignment of his/her promissory

13 note/mortgage required the Defendants and each of them to notify him/her within

14 thirty (30) days of when his loan had been transferred.  Plaintiff contends that each

15 Defendant violated 15 U.S.C. §1640, et seq. in that no notice was ever provided to the

16 Plaintiff of the sale of his/her promissory note to each subsequent purchaser of their

17 note.

18                          **PRAYER FOR RELIEF**

19      WHEREFORE Plaintiff, will ask for the following for each Cause of Action to

20 be awarded:

21 **FIRST CAUSE OF ACTION**

22      1.     For Compensatory Damages in an amount to be determined by proof at

23 trial;

24      2.     For Special Damages in an amount to be determined by proof at trial;

25      3.     For General Damages in an amount to be determined by proof at trial;

26      4.     For Punitive Damages as allowed by law;

27      5.     For Restitution as allowed by law;

28      6.     For Attorney's Fees and Costs of this action;

7.     For Declaratory Relief, including but not limited to the following Decrees of this Court that:

      a.     Plaintiff is the prevailing party;

      b.     The Trustees of the REMIC Trusts have no enforceable secured or unsecured claim against the Property;

      c.     The Sponsor has no enforceable secured or unsecured claim against the Property;

      d.     The Depositor has no enforceable secured or unsecured claim against the Property; and

      e.     The Mortgage Originator has no enforceable secured or unsecured claim against the Property.

**SECOND CAUSE OF ACTION**

1.     For Compensatory Damages in an amount to be determined by proof at trial;

2.     For Special Damages in an amount to be determined by proof at trial;

3.     For General Damages in an amount to be determined by proof at trial;

4.     For Punitive Damages as allowed by law; and

5.     For Restitution as allowed by law.

**THIRD CAUSE OF ACTION**

1.     For Compensatory Damages in an amount to be determined by proof at trial;

2.     For Special Damages in an amount to be determined by proof at trial;

3.     For General Damages in an amount to be determined by proof at trial;

4.     For Punitive Damages as allowed by law;

5.     For Restitution as allowed by law;

6.     For Attorney's Fees and Costs of this action;

7.     For Declaratory Relief, including but not limited to the following Decrees of this Court that:

1    a. Plaintiff is the prevailing party;

2    b. No Defendant has an enforceable secured or unsecured claim. The
3 Note in question has been paid off in its entirety;

4    c. Neither BEAR STEARNS MORTGAGE FUNDING TRUST
5 2006-AR5 nor any other financial institutions have an enforceable secured or
6 unsecured claim against the Property; and

7    d. All mortgages or Deeds of Trust are hereby deemed void.   The
8 current Trustee of the Deed of Trust in this case should reconvey title of the subject
9 Property to Plaintiff.

10 **FOURTH CAUSE OF ACTION**

11  1. For Compensatory Damages in an amount to be determined by proof at
12 trial;

13  2. For Special Damages in an amount to be determined by proof at trial;

14  3. For General Damages in an amount to be determined by proof at trial;

15  4. For Punitive Damages as allowed by law;

16  5. For Restitution as allowed by law;

17  6. For Attorney's Fees and Costs of this action;

18  7. For Declaratory Relief, including but not limited to the following Decrees
19 of this Court that:

20    a. Plaintiff is the prevailing party;

21    b. No Defendant has the legal right to foreclose on Plaintiffs'
22 property;

23    c. No Defendant has an enforceable secured or unsecured claim
24 against the property;

25    d. The original Deed of Trust is null and void due to the fact that the
26 Note it was created to secure has been sold to third parties without any assignment of
27 the Deed of Trust to those parties; and

28    e. The assignment of the Deed of Trust by MERS to any party or

1 | legal entity is invalid.

2 | **FIFTH CAUSE OF ACTION**

3 |     1.     For Compensatory Damages in an amount to be determined by proof at

4 | trial;

5 |     2.     For Special Damages in an amount to be determined by proof at trial;

6 |     3.     For General Damages in an amount to be determined by proof at trial;

7 |     4.     For Punitive Damages as allowed by law;

8 |     5.     For Restitution as allowed by law; and

9 |     6.     For Attorney's Fees and Costs of this action.

10 | **SIXTH CAUSE OF ACTION**

11 |     1.     For Compensatory Damages in an amount to be determined by proof at

12 | trial;

13 |     2.     For Special Damages in an amount to be determined by proof at trial;

14 |     3.     For General Damages in an amount to be determined by proof at trial;

15 |     4.     For Punitive Damages as allowed by law;

16 |     5.     For Restitution as allowed by law; and

17 |     6.     For Attorney's Fees and Costs of this action.

18 | Dated: _____    By: _____

19 |                                          JON CUDDEBACK
Plaintiff In Pro Se

1

## VERIFICATION OF PLAINTIFF

2      I, JON CUDDEBACK am the Plaintiff in the above-entitled action. I have read

3  the foregoing complaint and know its contents thereon. The same is true of my own

4  knowledge, except as to those matters which are therein stated on information and

5  belief, and as to those matters, I believe them to be true.

6      I declare under penalty of perjury under the laws of the State of Washington

7  that the foregoing is true and correct.

8  Dated: **7-31-2012**              By: _____

9                                    JON CUDDEBACK
                                     Plaintiff In Pro Se

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**